Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention. The Court is now sitting. God save the United States and this Honorable Court. Be seated, please. Do you have a slip? All right. We'll proceed this morning with the N. Ray Vassell and Mr. Gowdy will hear from you first. May it please the Court, Brian Gowdy on behalf of Todd Vassell. Mr. Vassell asked this Court for authorization to file a successive 2255 motion in the District Court based on Miller v. Alabama. That case held that a mandatory life without parole sentence could not be constitutionally imposed for a juvenile offense. You left out one fact on a homicide. I disagree, Your Honor. The holding, when you read the plain language of the holding, it does not limit it to homicide. Well, you're right. But the holding relates to a homicide. There are statements in there that say any life mandatory is inappropriate. But for non-homicide cases, that was true under Graham too. Any life without parole for a non-homicide was violated in the Eighth Amendment under Graham. Your Honor, I understand that Graham and Miller overlap, but the U.S. Supreme Court often will issue holdings that are broader than the facts of the case before it. I'm going to give you credit for that, but my point is that if you had a life sentence, regardless of whether it was an individualized sentence or a mandatory sentence, if you had a life sentence for non-homicide after Graham, that was illegal under the Eighth Amendment. Graham didn't limit it to individualized or mandatory. Graham just said any life sentence. I don't disagree with what you stated about Graham. I do disagree with your statement on Miller. Miller, the reason they had to address the individualization is because when you get to homicide, the court left open the possibility that in a very egregious murder case, an individualized sentence could be a life sentence on a juvenile, whereas a mandatory life could not. They split the life sentence for homicide in Miller in half and focused on individualized or on mandatory. But under Graham, any life sentence without parole for non-homicide was violated in the Eighth Amendment, right? Correct, Your Honor. I guess I just have a moment to explain why I disagree with your characterization of Miller being limited to only homicides. First of all, there's the plain language of the holdings, and the fact that those cases involved homicides doesn't mean that the court would go broader than the facts of the case. The case also involved two 14-year-olds, but yet the court made it very clear that the rule they were announcing extended to everyone who was 17 at the time of the offense. In addition, I would submit that the line between non-homicide and homicide is often fuzzy, and there will be many times that criminal defendants will be asserting both Graham and Miller claims. In fact, Contrell Jackson, who was the other petitioner in the Miller case out of Arkansas, if you read the concurring opinions of Justice Breyer, joined by Justice Sotomayor, they were the opinion that Mr. Jackson was entitled to relief under both Graham and Miller. Why, you might ask? Mr. Jackson committed a murder. Well, they were the opinion that even though it was a murder, that because it was a felony murder where he didn't actually pull the trigger, that he would be entitled to relief under both Graham and Miller. Another example of where you may be entitled to relief under both Graham and Miller is with respect to certain crimes where it's uncertain whether it's a homicide or non-homicide. There is a significant debate across the country whether attempted murder qualifies as either. Counsel. Yes, sir. Your client was convicted of drug crimes. My client was convicted of a non-homicide crime. However, he has a statute of limitations problem with his Graham claim, but nothing about the fact that the government can assert That's inherent, though, under the statute, 2255. Correct. Every claim that you can have a statute of limitations problem if you don't file in time. Correct. That takes us, I think, directly to one of the arguments raised by the government in this case, and that deals with the timeliness issue as to whether or not under the statute the claim was filed within one year of the appropriate date. And the statute says that the right has to be asserted if that right has been newly recognized by the Supreme Court. So could you delineate for us what was newly recognized in Miller as applied to your client that did not already apply to him under Graham? Yes, very simple. Individualized sentencing. That's not required by Graham. It's not required by Graham, but it's covered by Graham. I disagree. It was any life sentence, right? Graham says that the Eighth Amendment requires that the sentence give the offender a meaningful opportunity for release based on demonstrated maturity and reform. Therefore, what Graham requires is either a sentence that is less than life without parole or a sentence that is life with some type of possibility of parole during the offender's lifetime. Graham does not require... Graham says this court now holds that for a juvenile offender who did not commit homicide, which is your client, the Eighth Amendment forbids the sentence of life without parole. And since your client was pre-Booker, that's what he had, isn't it? He had life without parole. But Miller relies on a whole separate strand of precedent and creates a rule that Graham doesn't... Hold on a second. Yes, sir. I understand that. But we're not talking about Graham, which I am, and its application to the one-year statute under 2255F. Your Honor, I would concede that a Graham claim is time-barred. I thought I was pretty clear about that in my papers, but to the extent there's any... My question is, doesn't Graham cover your entire claim? Because Graham, the section... I have the same section identified that Judge Agee had, even with some more, because they talk about the juvenile aspect of it is the clear portion. And any juvenile who gets a life without parole, any juvenile who gets a life without parole, gets an illegal sentence, unconstitutional sentence. And that's the clear, direct holding of Graham. And these people, or your client, got life without parole and was a juvenile. That's your argument. Your Honor, all I can say is that Graham and Miller are different, that Miller requires something that Graham does not. Miller requires individualized sentencing.  Miller has two aspects that are different from Graham. It dealt with homicide and dealt with a mandatory life. And the court says mandatory life for homicide is unconstitutional. Now, I concede that when they talked about it, they didn't limit it. They limited it to the total rule that was also identified in Graham. But the actual holding extends the mandatory life. It limits homicide to mandatory life. It does not limit homicide to any life sentence. But when you don't have homicide, there's no distinction made under Graham. Well, Your Honor, I'll have to disagree. And I guess what I was trying to say is that Miller requires something that Graham does not, which is individualized sentencing. And I think in many areas of the law, you will have people who have multiple claims under different theories. Just take a standard civil case. It could be breach of contract as well as some type of tort sometimes. Mr. Vassil has a claim under both Graham and Miller, just like Huntrell Jackson did.  His successive petition was filed long after the date that Graham was decided. Graham was decided on May 17, 2010. Did he file within one year of that? No, and the claim we're making is under Miller, not Graham. And he filed it within one year of Miller. So you concede that you don't have a claim under Graham? I would concede that, yes, that once the government raises the statute of limitations, which they made clear they're going to do, that we don't have a claim anymore under Graham because of the statute of limitations. It's not that we don't have a claim under Graham because of the holding of Graham. We don't have a claim because of the statute of limitations. Well, that's the same thing, isn't it? No, Your Honor. If for some reason tomorrow the government were to announce a policy that it was no longer enforcing the statute of limitations and raising it as an affirmative defense, then we would have a Graham claim again. Now tell me why you don't have a claim under Miller. Because first of all, with the statute of limitations, we filed within one year of Miller. I understand, but Miller's offense was not a homicide. Miller is not limited to homicides. And I've argued this extensively in my papers, and I've convinced none of the panel members. So if I could perhaps move on, I'm happy to answer your questions, but I'd like to talk about the standard we're on here today because other judges may have a different viewpoint than these three. And the standard that we're on is simply, under the Williams case, 2003 case from this court, is to show a showing of possible merit under 2244B2, and that possible merit to warrant fuller exploration by the district court. That inquiry, under this court's Williams precedent, is not to be determining whether or not Mr. Vassa will ultimately prevail on his Miller claim. It's to determine whether he is relying on a case that announces a new rule of constitutional law made retroactively applicable by the U.S. Supreme Court to cases on collateral review. The government and we agree that Miller... Do you agree to the Seventh Circuit standard? For 22... I would agree to this court's standard, which is what I just stated, from Williams. I mean, for 2003 case. I think it's pretty clear that the focus is supposed to be on 22... on whether or not Mr. Vassal is relying on a new constitutional rule made retroactively applicable by the Supreme Court to cases on collateral review. The government concedes that Miller is retroactive. So, under the plain language of the statute, they've conceded that we meet that. What they don't concede, and where we have our area of disagreement, which is the same area of disagreement that I just discussed with all three of you, is whether or not Mr. Vassal... We're just failing to understand why, if Graham included mandatory or individualized sentences, it didn't matter, included any life sentence, why now you've got a life sentence that was not individualized, and you think that gives you additional rights when those rights were already precluded by Graham, because Miller said you've got to have an individualized sentencing for juveniles. And it seems to me the aspect that is new in Miller is the application to homicide. The aspect that is not new is the application of that standard to non-homicide cases. I understand, and I've argued in my briefs in the court, Judge Niemeyer, I respect you don't agree... I'm willing to hear, and I think we should hear fully why the subset of individualized sentencing wasn't precluded by Graham, and therefore your claim is gone then and doesn't arise again under Miller. I guess what I'd like to emphasize, if I could though, the preliminary nature of what we're here on, you're just to make an examination, does this claim have possible merit? And the government says on page 30 of its brief that the purpose of this gatekeeping function is to keep out frivolous claims. For example, a 40-year-old at the time of the offense who received a 10-year sentence, that's the government's example. I agree, that would be a frivolous claim. My claim is not frivolous. You don't want us to resolve the actual claim, you want us to test the gatekeeping, which is more liberal, to let you make the claim. That's right. You're just asking for permission now. The district court may have the same view that the three of you do, and is entitled to hold that Miller doesn't apply. I would disagree with that, but your ruling here in no way forecloses the district court from doing anything. And the problem is that I submitted a supplemental authority decision or an argument from the D.C. Circuit in a case called In re André Williams, and that oral argument went a lot different than this one is going, and those judges seem to have a lot more belief. The oral argument isn't over yet. It isn't, and I don't know what the decision's going to be. But the problem is if you don't... Counsel, I would just say to you that the fact that the panel asked probing questions should not lead you to conclude that the panel has reached a conclusion. It does not, Your Honor. They could rule against that, Mr. Williams, too. My point is simply this. We're at a very preliminary stage here. If Mr. Bassel is not allowed to go back to the district court, then this is the end of the road because under the statute there is no ability... Is the argument that you're pointing at here is that I assume this is it, but I don't think you've said it yet, is that the court should not consider the timeliness factor. I think it should... Yes, under the Sixth Circuit decision it should not, but even if you do, I've made a colorable claim under Miller, and Miller is timely. We filed within one year of Miller. And as long as I made a colorable claim, send this back to the district court, let the judge there make a ruling, then either side can appeal, and then you'll have full plenary review. I see my red light is out. I'm into my rebuttal time. Unless the court has more questions, I'll... We'll hear you on rebuttal. And I gather, just before you sit down, I gather you would like... Your position is you would like to not conclusively argue the merits of whether Miller or Graham applies. You want to satisfy a more generous standard for permission to file a second or subsequent... That's all we're here for. And then you want the district court to consider it and our court to consider it after the district court considers that issue on the merits. That's right. That's your posture. On a full record. I understand. Yes, sir. That's my position. Thank you. Mr. Cook? May it please the court. It's clear that Vassil's claim fails under the statute of limitations, and this court need not go any further than that, even though this is at the prima facie showing stage. The government's view is that this court can consider a statute of limitations argument at this stage. The majority view of the circuits is the better one, not the Sixth Circuit's position. And I think that you can see that most clearly from the plain language that is in 2244B3C, which says that a court of appeals may authorize the successive application only if the applicant meets the prima facie showing. And I think there's a nice example of a similar sentence that shows why this is just a necessary condition. You had, for example, a rule that said you may win a civil lawsuit only if you file a complaint within the statute of limitations. Clearly, filing within the statute of limitations is a necessary condition. You may win only if you file within the statute of limitations. The statute of limitations is also wrapped up in the argument about whether Miller advanced the new right. It seems to me if Miller advanced the new right, then the statute of limitations wouldn't be an issue either. And I understand Mr. Gowdy's position to be that at this stage, it's a gatekeeping just for permission to file a second or successive Section 2255 motion, that at this stage, he only has to satisfy a much lesser standard, that there is a possibility or a reasonable possibility, to do whatever standard we apply for making that argument to the district court. And I gather your argument has to be that it's not unlimited, that this is pretty clear and we shouldn't even give that authorization at this early stage because it's futile. I agree. That's how I understand your position to be. That's, I think, a correct statement of my position. And in Ray Williams, this court said, I took the standard to be reasonable likelihood of success. And, for example, in the recent First Circuit case, Evans-Garcia, the court said there in analyzing this prima facie showing, they said to decide this case as to a defendant who had received a discretionary life sentence for a homicide, committed as a juvenile. They said we need only hold that a circuit court should deny certification where it is clear as a matter of law and without the need to consider contested evidence that the petitioner's identified constitutional rule does not apply to the petitioner's situation. To grant certification in such circumstances would be to send the district court on a fool's errand. And the gatekeeping that Congress sent up here is supposed to screen out some claims. I mean, it's not just an exercise in futility for the Court of Appeals. And so it is supposed to have a minimum threshold showing of plausible merit, as this court said in Ray Williams, reasonably likely. And in this case, there's no dispute of facts. And I think that the legal arguments before this court are such that it is clear that this defendant is time barred. In the four or five circuits that have basically agreed with your position, there aren't any pending cert petitions from those appeals, are there? No, those are from some time back. And my impression would be that, in fact, neither party could file a cert petition from one of these decisions because of the way that Congress set up the statute. Let me see if I can summarize your argument. The government is conceding that it's invoking the statute of limitations with respect to the Graham case. Is that correct? Right, that he's time barred by Graham. All right, I understand that. Now, with respect to the Miller claim, is the government conceding that it would be timely filed but Vassal's offense was not a homicide offense? That's right. It still falls within the statute of limitations as a failure to meet the statute of limitation, and here's why. And under Miller? Under Miller. I thought he filed it timely under Miller. Well, he's within one year of Miller, but Miller has no application to him. And the statute of limitations for successive habeas petitions, I would say, is relevant here as two parts. The first part is that you have to have a new rule from the Supreme Court that applies to you, and then you've got to file within one year of that. So, for example, let's suppose there are, you know, the Safe Amendment jurisprudence with juveniles could go conceivably in a bunch of directions. The Supreme Court might one day say that a juvenile sentence for homicide or for any offense that's less than life that's mandatory, let's say a 15-year mandatory minimum for a juvenile, they might say, well, that's a violation of the Eighth Amendment. Or they might extend this jurisprudence to say that life sentences for a juvenile homicide, even when it's discretionary, you just can't ever impose life for a homicide for a juvenile, that that's prohibited by the Eighth Amendment. Or they might say that defendants who are older than 18 when they commit their crime but close to 18 get some kind of weighing. Or they might say that, you know, cognitive development of somebody who is like a person under 18 gets Eighth Amendment relief. The Supreme Court hasn't said any of those things, and a defendant in those situations that I just described should not file a successive habeas petition now arguing those because the way the statute of limitations works is it says, file within one year of a new rule that really applies to you. And so if the Supreme Court were to adopt one of those new positions, the defendant could file then, and then there would be this exception, even though we're now long after the conviction became final, there would be this exception that says, okay, you've got one year from that new decision to get in and file your habeas petition. And so this defendant, the government would position is that, look, even if he was within one year of Graham, Graham doesn't apply to him because his conduct continued into adulthood. But even assuming arguendo that it does apply to him, the right was initially recognized in Graham and he's too late. Similarly, even if you assume that Miller applies to him, there's the core point that this isn't a homicide. Graham just flatly prohibits a life sentence without parole for a defendant who committed a non-homicide. And so it just doesn't even make sense to talk about, well... Well, that's the rub of the case here, I think. I think it comes down to the question of whether Vassil's argument that Miller applies to him is reasonably likely to satisfy the requirements of second or successive petitions. And to make that determination, we would have to... He has to satisfy us here that it's... The standard's actually a little blurry, whether it's possible or reasonably likely. It's a much more liberal standard. We don't have to decide it. But we do have to look at it. And if Miller does not add any rights for him, clearly doesn't add any rights for him, I gather then we would say his rights came from Graham and would not likely satisfy the requirements. Right. That's correct. And I'll let him amend that when he comes up again. But I think that's where this case is going, because it is at a gatekeeping. But as you point out, the gatekeeping has some function to exclude some cases and let others go ahead. And that's where we're at. And that standard was set forth from the Seventh Circuit. That's actually in A. Reid Williams. We adopted the Seventh Circuit. Right. I agree with that. And in light of this Court's rule, which not every circuit has, that if you've got one claim that gets through the gatekeeping, you can file your successive habeas petition with every other claim that you want. I mean, you still would have to overcome procedural defaults and limitations, those kinds of issues for those other claims. But there's no longer gatekeeping for other claims. Let me ask you this. And I'm asking this a little bit in light of the Sixth Circuit case. If he claims his right under Miller, and you say, no, the right is under Graham, and if we were to agree with you, what do we look to under 2244 to apply the statute of limitations? That's really where the Sixth Circuit got stuck. I think it's minority court. But what's the Sixth Circuit analysis on that? Sure. The Sixth Circuit's analysis looks at language in 2244B3C. And you get to that provision because 22... Yeah, 2255H goes back to here. Exactly. So once you're at 2244B3C, the Sixth Circuit says, look, in that provision, it says the Court of Appeals has to determine the defendant satisfies the subsection. Well, the Sixth Circuit, if I could interject, the Sixth Circuit case, if I'm remembering it correctly, was not a 2255 case. It was a 2254 case. That's correct. And that has some relevance, I think. Because 2255H would not have applied in that case. Is that right? That's right. And the statute of limitations for state inmates is in 2244D1, whereas the statute of limitations for federal inmates is in 2255. And so the core point of the Sixth Circuit's reasoning was that the provision that is directed to the Court of Appeals in deciding whether it's a prima facie case refers to the requirements in that subsection that's directed to the Court of Appeals. And then there's this other section, 2244B4, that talks about what the district court has to do when it gets one of these petitions that's been authorized. And there it says you've got to comply with this section generally, which then sweeps in D1, which has the statute of limitations in it. Well, you have an easier road if you're following that analysis under 2255. This is a 2255 motion. Right. And so it has to satisfy F3 and has to satisfy H. I agree with that. Because it's successive, and they both apply. The fact that it's second or successive doesn't eliminate the application of F, does it? No, it doesn't. But I think even for state inmates, the Sixth Circuit's analysis is wrong because although this is a nice point they're making about the difference between section and subsection, that's a relevant consideration in interpreting the statute. But the key point is just the language at issue here in 2244B3C, which says the Court of Appeals may authorize it only if, and that sets up a necessary, not a sufficient condition. Only if it meets that section. And then just to make the argument for the other side or to bring it up on the table, the 2255 motion is indeed governed by 2255F, but we're not at that stage because the district court would consider it, and we're at a stage where we're under H, it's second or successive, and you have to get permission. And to get permission you have to go and follow 2244, and if you go 2244, the criteria only apply to that section, I guess. And the question is, do the qualifications include a limitations provision? And I guess it may not preclude you because it is discretionary what you consider there, but that's not a fully resolved issue question, is it? Well, I think the majority view is that you can consider the statute of limitations. Also, I think it's important here that you've got a background rule from the Supreme Court in cases like Wood v. Milliard and Day v. Donohue, which are in the government's brief, that the statute of limitations may be invoked sua sponte by a court in the habeas context because the statute of limitations serves very important interests in preserving the finality of convictions. And that's really important when you're in the world of successive 2255s. I mean, we are talking about the last tail end of review here, and so finality should be at its greatest concerns. I mean, this case is a good example. You had a guy who got life imprisonment. There were all these other charges out there against him that could have been pursued, but why would somebody once you've gotten a life sentence? And to then unpack things decades later is a problem. I mean, it produces a lot of windfall effects. So statute of limitations serve very important values here that are part of the background of the way habeas litigation works. And so when you have a statute that just says a court may issue permission to file successive habeas petition, only if they meet this necessary but not sufficient condition, it's completely permissible. In fact, in our view, it is the better view of the way habeas works is if it is clear that that defendant is going to fail on the statute of limitations, which is a very threshold issue, there is no point in authorizing. Yeah, to put that to the test in this case, if Sloan came in and asked permission to file a successive section 2255 motion based on Graham, nothing else. Right. It seems to me a court would probably appropriately say, well, how are you likely to succeed on a Graham motion now when it's three years after the decision in Graham? And in that sense, we would be bringing in the timeliness of the motion. And I'll ask that question to Mr. Gowdy when he gets up again, but that seems to be one of the aspects that might enlighten the decision in this case. Right. Well, and I think if I understand your question, following it correctly, it doesn't add very much for this defendant to try and evoke Miller because Miller is talking about a type of relief that just doesn't even make sense, assuming that a defendant who committed a non-homicide that continued into past his 18th birthday is entitled to any kind of relief at all. Once you've assumed that he's entitled to relief, notwithstanding the continuing to adulthood, you've got the problem that Graham would completely preclude the life sentence. And so it just doesn't even make sense to talk about weighing discretion before imposing a sentence that the law has already separately categorically barred. I mean, one way to look at this is to say that there's just a slight difference in remedy between Graham and Miller. The core Eighth Amendment juvenile right is basically the same, and the remedy that's being offered under Miller is just a weaker form of what the defendant was already entitled to.  has got to preclude the defendant because you don't get to revive a claim by coming in when the court says some, reiterates a point, extending weaker relief that would be essentially meaningless to you if you'd gotten in the door on the first claim. Do you concede that Vassil has a Miller claim before this court? No, I think he's got... Well, if you don't, that's the end of that argument, isn't it? These are Graham cases. Yeah, I agree with that. This is not a Miller case. I agree with that. Okay, is that about it? Yeah, if the court has no further questions. All right, thanks, Mr. Cook. Mr. Gowdy? Could I just ask you before you get in, and I have to interrupt you, but the one question. Yes, sir. If you came before the court now, this is a hypothetical, total hypothetical, if you came before the court now and your client was totally juvenile the whole time and made a claim under today, made a claim under Graham, would we be authorized under the gatekeeping to say this would not satisfy the requirement? Yes, because it would be frivolous. Why would it be frivolous? Because it clearly was filed more than a year after Graham was decided. So that response suggests that we can look at limitations if we're going to consider Graham. You can. You can, but we need not, and your argument is that if you have a reasonable claim under Miller, we should give the process a chance. Yes, and I would like to be very precise here, because I think there's been some confusion about the reasonable, likely to prevail, or possible merit standard of Williams. In the same quote. Right, but here's the important point. In a typical one of these cases, the first threshold question isn't whether or not you qualify for Miller or Graham or whatever the case may be. The first threshold question is, is that case retroactive to cases on collateral review? And I would submit... Well, wouldn't you first have to have, even before that, a right that applies to you? I'm sorry, you'd have to have a new, I'll say it fully, a new constitutional right made retroactive by the U.S. Supreme Court to cases on collateral review, and for shorthand, I'm just going to say retroactive from here on. So usually the threshold retroactive determination has to be made, and if you read Williams closely, and the Seventh Circuit decision underlying it, they're referring to reasonably likely to prevail to that determination, not whether you qualify under the case. Is the case retroactive? Well, a Supreme Court case comes out with new rules frequently. They've got to be relevant. Well, many of them aren't retroactive. No, some of them might be, but they don't apply to this case. We don't, you can't go under a new case that the Supreme Court decided last year that didn't apply to this case at all. At all? At all. At all. I know. I agree. So I have to evaluate whether the case applies to you. It's not... I agree. Okay. But under a frivolous standard. That's what I would submit. Where's the frivolous standard? From their brief. No, where's... Page 30. No, where's... Well, I mean, I think that... I think when you're looking at Williams in the Seventh Circuit case, when they're talking about this possible merit, they're really focused on the retroactive question. Keep in mind, there are many U.S. Supreme Court decisions each year that don't announce new constitutional rules, and even if they do, for example, Padilla, they're not retroactive, or Booker, not retroactive. But the construction we're making in Williams, and that's the Seventh Circuit case, is a prima facie showing, a prima facie showing, we understand, simply a sufficient showing of a possible merit to warrant fuller expiration. That's what they say in the introduction, and then it goes on to say, if in light of the documents submitted, it appears reasonably likely that the motion satisfies the stringent requirements for filing a successive or second... The last phrase is key, Your Honor, because for a successive motion, you have to prove more than you just qualify for the rule or the case. For a successive motion, you have to do this whole retroactivity determination. And if I was arguing this case... Well, they've conceded that. You've got that. That's right, but I want to point that out, because if we were having a state attorney general on the other side, they are not conceding that, and most of this argument would be about that, okay? And the courts are divided. But now, I'd like to point the court to footnote one of the Pendleton case, because I heard Judge Adjaye talk about four or five circuit decisions that have gone against us. I'm unaware of those decisions. I'm not aware of any decision dealing with this hybrid conspiracy, but if you read the NRA Pendleton, one of the petitioners there, there was three petitioners, third circuit case. The government argued that Petitioner Grant did not qualify for Miller, just like they're arguing here. Now, the reason there was different. They said that Grant's sentence satisfied Miller, that there was some type of discretionary sentencing. But what the third circuit said in granting Mr. Grant's motion was, at this early stage, we will not consider whether Grant actually qualifies for relief under Miller, period. We only determine whether Grant has made a prima facie showing that Miller created, quote, a new rule of constitutional law made retroactive, and the rest of everything I said about previously unavailable. So they've conceded that part, and I think we've made at least a colorable claim that Mr. Vassil qualifies for Miller, with all due respect to your honors who disagree. I understand what Mr. Cook is arguing is he says Miller doesn't apply to you. At all. At all, because Miller's new rule, the new rule part, is to say with respect to homicides, you can't get a mandatory life sentence. And when it recited its rules, it was that any life sentence applicable to juveniles... Can I briefly respond to that question and that point? Sure. And I know I'm over my time, and thank you for giving me that time. It does make sense to apply Miller, because Miller allows the presentation of evidence about the juvenile offender's background, about how he grew up, about the circumstances of his youth. It doesn't only allow it, it requires it. And that, Graham does not... He only had the benefit of that. In other words, we're assuming he's a juvenile, not a straddler, and we would be assuming that he got a life, mandatory life sentence. Now, the question is, if he got a mandatory life sentence, non-individualized sentence, and is a juvenile, the question is, when was his right to set aside that sentence under the Eighth Amendment? I guess... I think... I set out an example in the brief, and it's a claim-by-claim analysis. Judge... Then-Judge Alito wrote a case about how for statute of limitations purposes in the habeas context, we do a claim-by-claim analysis. Mr. Vassil's entitled to a Graham claim and a Miller claim, just like Mr. Jackson was in the Miller case. And the fact that he may have been untimely... Let me just make your statement there. In a Graham claim, under both. So let's say he asserts a Graham claim. Yes, sir. Then it's barred... At this point, it's... Sorry. Wouldn't he get every right in pursuing that, that he would allegedly get under Miller? No, and I've been involved in Graham resentencing. When you go... What the court can come back and do, and they have done it sometimes, is just say, fine, we're not going to have an individualized sentencing hearing. We're not going to consider anything. We're just going to impose some sentence less than life. That's it. Miller says that's not good enough. What they've been doing in response to Graham, Miller says is not good enough, because in Graham, there's a whole series of cases out there now where courts have imposed, you know, 240-year sentences, 90-year sentences, 110-year sentences, where they've said, we've complied with Graham because we didn't impose a life without parole. And Miller goes a step beyond that. He says, no, no. You need to have an individualized sentencing hearing. You need to have the sentencer consider this mitigation. So to say that Miller would be meaningless for Mr. Vassil is wrong, because if you read the sentencing transcript... And I'm suggesting that you first have to decide that he's entitled to resentencing, which means can you knock out his... Could you knock out his life sentence under the Eighth Amendment because he didn't receive an individualized claim? And the answer is yes, you could have under Graham. I understand Your Honor's point, and I don't want to take up any more time other than to say I hope this debate we've had will encourage you to see that the claim we've presented on Mr. Vassil's behalf under Miller has at least possible merit that the district judge should consider in the first instance, and then this court could consider again on appeal from that. Okay, we'll look at that, Mr. Gowdy, and we'll come down and greet counsel, and then proceed on to the next. Thank you, Your Honor.
judges: Paul V. Niemeyer, G. Steven Agee, Clyde H. Hamilton